NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-531

RONALD V. TURNER

VERSUS

CITY OF OPELOUSAS

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 11-C-0477-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

Philip E. Roberts
Ungarino & Eckert, LLC
600 Jefferson Street, Ste. 850
Lafayette, LA 70501
(337) 235-6268
COUNSEL FOR PLAINTIFF-APPELLEE:
        Ronald V. Turner

Jarvis Jerome Claiborne
Attorney at Law
814 North Main Street
Opelousas, LA 70570
(337) 948-4336
COUNSEL FOR DEFENDANT-APPELLANT:
        City of Opelousas

**PICKETT, Judge.**

The City of Opelousas (City) appeals the judgment of the trial court finding the Board of Alderman for the City improperly terminated Ronald Turner from his position with the City.

<u>STATEMENT OF THE CASE</u>

Mr. Turner worked for the City as Public Works Director beginning in 2003. At the January 11, 2011, meeting of the Board of Alderman, Item 7 was "Discussion regarding Mr. Ron Turner's employment status." At the beginning of the meeting, Mr. Turner indicated that he had not been notified that his employment status would be discussed, and Item 7 was removed from the agenda. The minutes of the meeting reflect as much. Mr. Turner did not stay for the rest of the meeting.

Item 16 on the meeting agenda, under the "Consents" heading, was listed as "Mayor's Appointments for 2011." The mayor, Donald Cravins, presented an organizational chart for the City which included both the various departments as well as appointees for some of those departments. The box for Public Works Department included the notation "(Interim) Kim Fontenot." The Board of Alderman approved these appointments. The next day, Mayor Cravins presented a letter to Mr. Turner indicating that his employment with the City was terminated.

Mr. Turner filed this lawsuit, seeking to have his employment reinstated, alleging violations of the Lawrason Act and of the Open Meetings Law. The trial court heard evidence on August 1, 2012. In Reasons for Judgment dated September 24, 2012, the trial court found that the City did not violate the Lawrason Act because the Board of Alderman concurred in the appointment of a new Public Works Director, effectively terminating Mr. Turner's employment. The trial court

did find that the City violated the Open Meetings Law, specifically La.R.S. 42:7,[1] by removing Item 7, a discussion of Mr. Turner's employment status, but later terminating his employment by appointing a new Public Works Director. The trial court signed a judgment in conformity with its written reasons on March 31, 2016,[2] wherein he issued a writ of mandamus ordering the City to retroactively reinstate Mr. Turner, declared his termination void, and ordered the City to pay Mr. Turner's past due wages from January 12, 2011, with legal interest, attorney fees, and costs of the proceedings.

The City has appealed.

## ASSIGNMENTS OF ERROR

In its lone assignment of error, the City states, "The trial court did err when it granted the plaintiff's writ of mandamus, because the plaintiff did not specifically allege enough facts to place the defendant on sufficient notice."

## DISCUSSION

The City's argument is without merit. It claims that the petition filed by Mr. Turner did not include enough details about what Mr. Turner's salary was and how he was paid. As his employer, the City set Mr. Turner's salary and how he was paid. Mr. Turner's petition recited sufficient facts to allege a cause of action under the Lawrason Act and the Open Meetings Law. His prayer for relief includes reinstatement to his position, "together with his salary and all emoluments of that office" and "all past due wages from January 12, 2011, through the date of trial."

---

[1] Louisiana Revised Statutes 42:7 was redesignated as La.R.S. 42:19 by 2010 La. Acts No. 861, § 23.

[2] Neither the record nor the brief to this court gives an explanation for the delay in signing a judgment.

In *Fitzgerald v. Tucker*, 98-2313, p. 7 (La. 6/29/99), 737 So.2d 706, 713, the Louisiana Supreme Court explained:

> Our code of civil procedure sets forth a system of fact pleading. *Cox v. W.M. Heroman & Co.*, 298 So.2d 848, 855 (La.1974). Article 854 provides that "all allegations of fact of the petition ... shall be set forth in numbered paragraphs." The Code further provides that a petition must contain "a short, clear, and concise statement of ... the material facts of, the transaction or occurrence that is the subject matter of the litigation...." La.C.Civ.Pro. art. 891(A). To plead "material facts," the petitioner must allege more than mixed questions of law and fact, such as that the defendant breached the contract or acted unreasonably. FRANK L. MARAIST & HARRY T. LEMMON, 1 LOUISIANA CIVIL LAW TREATISE CIVIL PROCEDURE § 6.3 at 102 (1999). Rather, "[t]he Code requires the pleader to state what act or omission he or she will establish at trial." *Id.* (footnote omitted).

> Fact pleading advances several goals of the petition, such as satisfying the defendant's constitutional guarantee of due process by providing the defendant with fair notice, limiting the issues before the court, and notifying the defendant of the facts upon which the plaintiff bases his claims. *See Id.* at 101.

We find that the petition in this case sufficiently gave the City notice of the facts and issues to be presented to the trial court.

In the last paragraph of its brief, the City cites La.R.S. 42:4.2, 42:5, and 42:7 of the Open Meetings Law.[3] The assignment of error alleged by the City does not raise the issue of the Open Meetings Law. This case does not involve a claim of city business discussed outside of an official meeting. There is no claim that the minutes of the January 11, 2011, meeting were inaccurate. Louisiana Revised Statutes 42:7 does require a public body to prove that there was a sufficient and timely posting of a meeting notice. The public body must also show that the agenda is properly amended. A recitation of these statutory requirements does not

---

[3] These sections were redesignated as La.R.S. 42:13, 42:14, and 42:19 by 2010 La. Acts No. 861, § 23.

constitute an argument to this court. The only issue preserved for appeal is the alleged failure to sufficiently state a cause of action. Any issues related to the Open Meetings Law were not properly raised in appellant's brief, and the judgment of the trial court on those issues is final. *See* Uniform Rules—Courts of Appeal, Rule 2-12.4.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the City of Opelousas in the amount of $2,148.50.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.